UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Laramie Torino and Andrew Torino,

        Claimants,

   -against-

United States of America,
Danielle Goertzen, M.D.,
North Country Obstetrics & Gynecology, P.L.L.C.,
Carrie J. Inglee, CNM,
Glens Falls Obstetrics & Gynecology Center, P.C., and
Glens Falls Hospital,

        Defendants.

**COMPLAINT**

<u>1:14</u> - CV - <u>1201</u>
( MAD / RFT   )

---

      Claimants, Laramie Torino and Andrew Torino, by and through their attorneys, Powers & Santola, LLP, as and for a complaint against the Defendants,  Hudson Headwaters Health Network, Edward P. Denious, M.D., Carrie J. Inglee, CNM, Danielle Goertzen, M.D., Glens Falls Obstetrics & Gynecology Center, P.C., North Country Obstetrics & Gynecology, P.L.L.C. and Glens Falls Hospital, allege that at all times hereinafter mentioned:

## INTRODUCTION

1.    This is an action against the Defendant, United States of America, brought under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence and medical  malpractice in connection with medical care provided to Claimant Laramie Torino by Edward P. Denious, M.D., and Hudson Headwaters Health Network  and also against Danielle Goertzen, M.D., North Country Obstetrics & Gynecology, P.L.L.C., Carrie J. Inglee, CNM, Glens Falls Obstetrics &

Gynecology Center, P.C., and Glens Falls Hospital, for negligence and medical malpractice in connection with their/its medical care provided to Claimant Laramie Torino which defendants actions are so related to the claims against the United States of America as to form part of the same case asserted against the United States of America.

2.  Claimants have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Standard Forms 95 are attached as Exhibit 1.

3.  On February 26, 2014,  Claimant, Laramie Torino, filed a form 95, Claim for Injury, Damage or Death with the Office of the United States Attorney, James T. Foley U.S. Courthouse, 445 Broadway, Room 218, Albany, New York 12207 via hand delivery.

4.  On February 26, 2014,  Claimant, Andrew Torino, filed a form 95, Claim for Injury, Damage or Death with the Office of the United States Attorney, James T. Foley U.S. Courthouse, 445 Broadway, Room 218, Albany, New York 12207 via hand delivery.

5.  By letter dated April 22, 2014, the Department of Health and Human Services acknowledged receiving the Claim on April 9, 2014 and assigned it Administrative Claim number 2014 0337.

6.  By letter dated September 22, 2014, the Department of Health and Human Services denied Claimants' Claim, annexed hereto as Exhibit 2.

### PARTIES, JURISDICTION AND VENUE

7.  At all time herein mentioned, Claimant Laramie Torino and Andrew Torino were and still are husband and wife.

8.      At all times hereinafter mentioned, the Claimants, were and still are residents of the Town of Schuylerville, County of Saratoga and State of New York.

9.      Upon information and belief, the defendant, Edward P. Denious, M.D., was and is licensed to practice medicine in the State of New York.

10.     Upon information and belief, the defendant, Edward P. Denious, M.D., specializes in the field of obstetrics and gynecology.

11.     Upon information and belief, and at all times herein mentioned, the defendant, Edward P. Denious, M.D., held himself out to the community, as being a physician who was competent and qualified in the field of obstetrics and gynecology.

12.     Upon information and belief, and at all times herein mentioned, the defendant, Edward P. Denious, M.D., held himself out to the community, as being a physician who was competent and qualified to care for maternity patients throughout their pregnancies and labor and delivery.

13.     Upon information and belief, at all times mentioned herein, Hudson Headwaters Health Network operated a woman's health care facility.

14.     Upon information and belief, at all time here in mentioned Edward P. Denious, M.D., was an employee of Hudson Headwaters Health Network.

15.     Upon information and belief, at all time here in mentioned, Edward P. Denious, M.D., was acting within the scope of his employment with Hudson Headwaters Health Network.

16.     Upon information and belief, the defendant, Danielle Goertzen M.D., was and is licensed to practice medicine in the State of New York.

17.     Upon information and belief, the defendant, Danielle Goertzen, M.D., specializes in

the field of obstetrics and gynecology.

18.     Upon information and belief, and at all times herein mentioned, the defendant, Danielle Goertzen,  M.D., held herself out to the Claimants, as being a physician who was competent and qualified in the field of obstetrics and gynecology.

19.     Upon information and belief, and at all times herein mentioned, the defendant, Danielle Goertzen, M.D., held herself out to the community, as being a physician who was competent and qualified to care for maternity patients throughout their pregnancies and labor and delivery.

20.     Upon information and belief, and at all times material hereto, including in March of 2013, the defendant, Danielle Goertzen M.D, was an agent, servant or employee of, North Country Obstetrics & Gynecology, P.L.L.C.

21.     Upon information and belief, and at all times material hereto, including in March of 2013, the defendant, Danielle Goertzen, M.D., was a principal of, North Country Obstetrics & Gynecology, P.L.L.C.

22.     Upon information and belief, and at all times material hereto, including in March of 2013, the defendant, Danielle Goertzen M.D., was acting in the furtherance of her employment for the defendant, North Country Obstetrics & Gynecology, P.L.L.C.

23.     Upon information and belief, the defendant, North Country Obstetrics & Gynecology, P.L.L.C., was and is a professional corporation organized and existing by virtue of the laws of the State of New York

24.     Upon information and belief, North Country Obstetrics & Gynecology, PLLC  was and is a health care facility that held themselves out to the Claimant and others, as a provider of high quality health care services, with the expertise necessary to

maintain the health and safety of patients like the Claimant..

25.   Upon information and belief, and at all times material hereto, defendant, North Country Obstetrics & Gynecology, P.L.L.C., maintained business offices located 90 South Street in the City of Glens Falls, County of Warren and State of New York.

26.   Upon information and belief, and at all times material hereto, including in March of 2013, the defendant, Carrie J. Inglee. CNM, was a certified Midwife authorized to practice the profession of Midwifery in the State of New York.

27.   Upon information and belief, and at all times material hereto, including in March of 2013, the defendant, Carrie J. Inglee. CNM, was an agent, servant, employee, associate and/or subcontractor of the defendant, Glens Falls Obstetrics & Gynecology Center, P.C.

28.   Upon information and belief, and at all times material hereto, including in March 2013, the defendant, Carrie J. Inglee. CNM., was acting on behalf of, or in the furtherance of her employment for, Glens Falls Obstetrics & Gynecology Center, P.C.

29.   Upon information and belief, and at all times material hereto, defendant, Glens Falls Obstetrics & Gynecology Center, P.C. was a professional corporation formed under the laws of the State of New York.

30.   Upon information and belief, and at all times material hereto, defendant, Glens Falls Obstetrics & Gynecology Center, P.C. maintained business offices located 28 S Western Avenue, in the Town of Queensbury, County of Warren and State of New York.

31.   Upon information and belief, Glens Falls Hospital is a domestic not-for-profit

corporation organized and existing by virtue of the laws of the State of New York.

32.   Upon information and belief, the defendant, Glens Falls Hospital, was and is engaged in conducting the business of a hospital, in the City of Glens Falls, County of Warren, State of New York.

33.   Upon information and belief, the defendant, Glens Falls Hospital, held itself out to the general public to be a competent and skilled medical care facility which renders medical care, treatment, therapies and other services to its patients.

34.   That, upon information and belief, and in the furtherance of its business, the defendant, Glens Falls Hospital, through its agents, employees, servants, associates, subcontractors and/or other designees, would examine, diagnose, treat and provide health care to patients at its facility.

35.   Upon information and belief, and in the furtherance of its business of operating a hospital, the defendant, Glens Falls Hospital, would hire and otherwise assign various interns and/or residents and/or staff physicians to perform services for patients at its hospital.

36.   Upon information and belief, and at all times material hereto, the defendant, Glens Falls Hospital, granted privileges to the defendant, Edward P. Denious, M.D., to admit, treat and/or examine patients at its facility.

37.   Upon information and belief, and at all times material hereto, the defendant, Glens Falls Hospital, granted midwifery privileges to the defendant, Carrie J. Inglee. CNM, to treat, examine and/or care for obstetrical patients at its facility.

38.   Upon information and belief, and at all times material hereto, the defendant, Glens Falls Hospital, granted privileges to the defendant, Danielle Goertzen M.D., to treat,

examine and/or care for obstetrical patients at its facility.

39. Upon information and belief, the Claimant, Laramie Torino received medical care, treatment, examinations, diagnostic testing and/or other medical procedures commencing on or about March 30 and/or March 31, 2013 at Glens Falls Hospital.

40. Upon information and belief, Hudson Headwaters Health Network is a grantee of the United States Department Of Health and Human Services and by operation of the Federal Health Centers Assistance Act (42 U.S.C. Section 233-(g)-(n)),the Hudson Headwaters Health Network and its employees are covered under the Federal Tort Claim Act (28 U.S.C. Sections1346(b), 2401(b), 2671-2680).

41. The Court has original jurisdiction of this action against the United States of America and its grantees of the United States Department of Health And Human Services.

42. The actions and omissions of all other defendants are so related to those of the United States Of America in this case that their actions and omissions form a part of the same case and/or controversy and by reason of such relationship the court has jurisdiction over these defendants under 28 USC 1367.

43. Venue is proper under 28 USC § 1402(b) in that the acts and omissions forming the basis of these claims occurred in the Northern District of New York.

**FACTUAL ALLEGATIONS**

44. From September 2012 through March 2013, Claimant, Laramie Torino was a patient of the defendant, North Country Obstetrics & Gynecology, P.L.L.C., in connection with her pregnancy.

45. Between September, 2012 and March, 2013 the defendant, North Country

Obstetrics & Gynecology, P.L.L.C., through its agents, servants, employees and/or principals, including the defendant, Danielle Goertzen M.D., agreed to provide obstetrical medical care to the Claimant, Laramie Torino, which services included the delivery of her expected infant.

46.     Thereafter, at various times during Claimant Larmie Torino's pregnancy, the defendant, North Country Obstetrics & Gynecology, P.L.L.C., through its agents, servants, employees and/or principals, including the defendant, Danielle Goertzen M.D., examined and provided gynecological and/or obstetrical care and advice.

47.     During her pregnancy, the Claimant Laramie Torino , was identified as a high risk maternity patient.

48.     During her pregnancy her unborn fetus was found to be large for gestational age.

49.     During her pregnancy Claimant, Laramie Torino, was advised that she would need to deliver her baby by means of a Cesarean Section.

50.     On March 30, 2013, Claimant, Laramie Torino began to experience labor contractions.

51.     Thereafter, pursuant to the instructions of the defendants, North Country Obstetrics & Gynecology, P.L.L.C., through its agents, servants, employees and/or principals, Claimant Laramie Torino presented herself to defendant, Glens Falls Hospital.

52.     The Claimant, Laramie Torino, while at Glens Falls Hospital received medical care and treatment from Edward P. Denious, M.D

53.     The Claimant, Laramie Torino, while at Glens Falls Hospital received medical care

and treatment from Carrie J. Inglee, CNM.

54. The Claimant, Laramie Torino, while at Glens Falls Hospital received medical care and treatment from Danielle Goertzen, M.D.

55. Upon information and belief, Claimant Laramie Tornio was admitted to defendant, Glens Falls Hospital, as an obstetrical patient on March 30, 2013, at approximately 7:40 a.m.by North Country Obstetrics & Gynecology, P.L.L.C. or its designees.

56. Upon information and belief, Claimant Laramie Tornio was admitted to defendant, Glens Falls Hospital, as an obstetrical patient on March 30, 2013, at approximately 7:40 a.m. by defendant Danielle Goertzen M.D.

57. Upon information and belief, Claimant Laramie Tornio was admitted to defendant, Glens Falls Hospital, as an obstetrical patient on March 30, 2013, at approximately 7:40 A.M. by defendant Carrie J. Inglee, CNM.

58. Subsequent to the Claimant's admission to the hospital, the defendant, Danielle Goertzen M.D., gave medical instructions, directions and/or orders to various individuals who were attending to the care and treatment of the Claimant, Laramie Torino at defendant, Glens Falls Hospital.

59. Subsequent to the Claimant's admission to the hospital, the defendant, Carrie J. Inglee, CNM., gave medical instructions, directions and/or orders to various individuals who were attending to the care and treatment of the Claimant, Laramie Tornio at defendant, Glens Falls Hospital.

60. At all times material hereto, the defendant, Carrie J. Inglee, CNM, was acting within the course of her employment for the defendant, Glens Falls Obstetrics &

Gynecology Center, P.C.

61.     At all times material hereto, the defendant, Carrie J. Inglee, CNM, was acting within the course of her employment for the defendant, acting on behalf of, or as an agent of, the defendant, Glens Falls Obstetrics & Gynecology Center, P.C.

62.     At all times material hereto, the defendant, Danielle Goertzen M.D., was acting on behalf of, or as an agent of, the defendant, North Country Obstetrics & Gynecology, P.L.L.C.

63.     During the course of her labor and delivery, Claimant Laramie Torino was examined, treated, and/or attended to by the defendant, Carrie J. Inglee, CNM, as well as other medical personnel including by defendant Glens Falls Hospital, through its officers, agents and/or employees.

64.     Upon Information and belief, one or more of the defendants, had made arrangements for defendant, Edward P. Denious, M.D. to provide obstetrical care and treatment to the Claimant Laramie Torino while she was a patient at defendant Glens Falls Hospital on the 30th and/or the 31st of March, 2013.

65.     Upon Information and belief, one or more of the defendants, had made arranged for defendant, Edward P. Denious, M.D to provide supervision of defendant Carrie J. Inglee, CNM, during the period she was providing care and treatment to the Claimant Laramie Torino on the 30th and/or the 31st of March, 2013.

66.     Upon information and belief, during the course of Claimant Laramie Torino's labor, she experienced difficulties in the progress of her labor.

67.     During the course of her labor, the Claimant Laramie Torino, her husband Andrew Torino and her father repeatedly asked the defendant, Glens Falls Hospital through

its employees, agents and or staff including Carrie J. Inglee, CNM.,to call a physician to come to her room and to examine Claimant Laramie Torino.

68. During the course of her labor, the Claimant Laramie Torino, her husband Andrew Torino and her father repeatedly informed the defendant, Glens Falls Hospital through its employees, agents and or staff, including Carrie J. Inglee, CNM.,that Claimant Laramie Torino  she wanted a Cesarean Section to be performed.

69. That in the early morning hours of March 31, 2013 the defendant, Carrie J. Inglee, CNM, advised claimant Laramie Torino that she was to have a Cesarean Section and gave the defendant Glens Falls Hospital and its staff an order to prepare the Claimant for surgery.

70. Upon information and belief defendant, Carrie J. Inglee, CNM, communicated with Edward P. Denious, M.D, advising him of the Claimant's failure to progress in her labor, her request for a Cesarean Section and of her opinion as a midwife that a Cesarean Section was warranted under the circumstances

71. Upon information and belief Dr. Denious, after speaking with the defendant Carrie J. Inglee, CNM, refused to come to the hospital to examine Claimant Laramie Torino and or to perform a Cesarean Section.

72. Upon information and belief the defendant Glens Falls Hospital did not have any other physicians on call to perform a Cesarean Section or to perform a proper, in person, physical examination of the claimant Laramie Torino and to properly evaluate the progress of her labor

73. Upon information and belief  the defendant, Carrie J. Inglee, CNM, failed to contact her superiors and or the physician under whom she was permitted to practice her

profession as a midwife  to request a physician to perform a Cesarean Section and or evaluate the Claimant Laramie Torino after being advised that Edward P. Denious, M.D. refused to come to the hospital and attend to the Claimant Laramie Torino.

74.  During the course of her labor, the Claimant Laramie Torino, her husband Andrew Torino and her father, repeatedly asked defendant that she be examined by a physician.

75.  Upon information and belief, the defendant, Danielle Goertzen M.D was called to come to the hospital and examine the Claimant Laramie Torino.

76.  Upon information and belief, the defendant Danielle Goertzen M.D., after being advised of the Claimant's condition was asked to perform a Cesarean Section upon Claimant Laramie Torino.

77.  Upon information and belief the defendant, Danielle Goertzen M.D., declined to examine the Claimant Laramie Torino or to perform the Cesarean Section.

78.  At approximately 6:04 a.m. on March 31, 2013, Claimant,  Laramie Torino delivered a son who weighed over 9 pounds.

79.  There were no obstetrical physicians attending to the Claimant, Laramie Torino's medical needs during the delivery of her son.

80.  Except for an anesthesiologist who performed a limited evaluation of the Claimant, Laramie Torino, she was not seen or examined by any physician with respect to her obstetrical condition from the time of her admission to the defendant Glens Falls Hospital up to and through the delivery process.

81.     As a consequence of the complications which occurred during the labor and vaginal delivery of her child, Claimant Laramie Torino sustained serious and permanent physical injury including damage to her bladder and urinary tract as well as the nerves which provide bladder control and feeling, and has incurred a total loss of sensation to these organs and structures as well as physical pain and suffering.

82.     That none of the Claimant, Laramie Torino's injuries and damages would have occurred if the delivery was accomplished through a Cesarean Section.

83.     The defendants, Edward P. Denious, M.D., Carrie J. Inglee, CNM, Danielle Goertzen, M.D., Glens Falls Obstetrics & Gynecology Center, P.C., North Country Obstetrics & Gynecology, P.L.L.C. and  Glens Falls Hospital individually and/or collectively and/or jointly and severally and/or through their agents, servants, employees, associates and/or subcontractors, carelessly and negligently rendered medical care and treatment to the Claimant, Laramie Torino, which was not in accordance with good and accepted medical practices.

84.     That, as a result of the negligence of the defendants, individually and/or collectively and/or jointly and severally and/or through their agents, servants, principals and/or employees, Claimant Laramie Torino suffered permanent personal injuries and was required, and in the future will continue to require, further medical care, aid, attention, treatment and special services.

85.     That, as a further result of the negligence of the defendants, individually and/or collectively and/or jointly and severally and/or through their agents, servants, principals and/or employees,  Claimant Laramie Torino has suffered, and in the future will continue to suffer, pain, trauma, disability and a loss of enjoyment of life

and loss of quality of life; has been rendered permanently handicapped; has suffered impairment injuries; will lose considerable sums of money by virtue of an inability to either obtain employment or reach the level of employment she otherwise would have been able to attain; and will require life-long medical care and treatment, and attention.

86. One or more of the exceptions set forth in CPLR Section Sixteen Hundred Two applies to this action or claim for damages, including, but not limited to the "non-delegable duty" and "respondeat superior" liability provisions of §1602(2).

## AS AND FOR A FIRST CLAIM AGAINST ALL DEFENDANTS

87. Claimants repeat and reallege all of the allegations in this Complaint marked and designated "1" through "86" with the same force and effect as if herein set forth at length, and further allege that:

88. That the defendants, individually and/or jointly and severally and/or collectively and/or acting through their agents, servants, employees, associates and/or contractors, carelessly and negligently rendered medical care and treatment to the Claimant, Laramie Torino, which was not in accordance with good and accepted medical practices and/or said defendants failed to provide her with medical care and treatment that was within the boundaries of good and accepted standards.

89. That by reason of the negligence of the defendants, individually and/or jointly and severally and/or collectively and/or through their agents, servants, employees, associates and/or contractors, Claimant, Laramie Torino was caused to sustain

severe, catastrophic and irreparable physical and mental injuries and damages, as well as conscious physical and mental pain and suffering.

90.   That by reason of the above, the Claimant, Laramie Tornio has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

## AS AND FOR A SECOND CLAIM AGAINST ALL DEFENDANTS

91.   Claimants repeat and reallege all of the allegations in this Complaint marked and designated "1" through "86," and "88" through "89," with the same force and effect as if herein set forth at length, and further alleges that:

92.   That at no time during the aforementioned care and treatment from March 30 and/or March 31, 2013, did the defendants, individually and/or jointly and severally and/or collectively and/or acting through their agents, servants, employees, associates, contractors, principals and/or other designees, including Edward P. Denious, Carrie J. Inglee, CNM and Danielle Goertzen, M.D.,  orally or in writing, properly advise the Claimant Laramie Torino of the possible risks and dangers, or of the possibility of permanent injuries and damages occurring to her body as a result of the medical care and treatment that was rendered, or the medical care and treatment that should have been rendered under the circumstances then and there presenting, nor was the Claimant ever advised that she may suffer severe personal injuries or damages and, had the defendants or any of their agents, servants, employees, associates, contractors and/or designees informed or advised the Claimant of the possible risks and

dangers involved, he would not have been lulled into a false sense of security and would not have consented to the treatment rendered, or the lack thereof, which resulted in her injuries and damages.

93. That reasonably prudent persons in the Claimant's position would not have consented to, undergone the course of treatment prescribed by the defendants, that was rendered to the Claimant had he been fully informed, and such a lack of informed consent is a further proximate cause of the injuries and damages sustained by Claimant, Laramie Torino for which recovery is sought.

94. By reason of the aforesaid, the Claimant, Laramie Torino has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

## AS AND FOR A THIRD CLAIM AGAINST ALL DEFENDANTS

95. Claimants repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "86", "88" through "89", and "92" through "93" with the same force and effect as if more fully set forth here and further alleges:

96. As the husband of Laramie Torino, the Claimant Andrew Torino was entitled to the services, society and companionship of his wife.

97. By reason of the facts aforesaid Claimant, Andrew Torino, was deprived of the services, society and companionship of Laramie Torino, his wife.

98. By reason of the foregoing, Claimant, Andrew Torino has been damaged in a sum of money having a present value of up to One Million and 00/100 Dollars ($1,000,000.00).

**WHEREFORE**, Claimants demand judgment against the defendants:

A.    On the First Cause of Action, in a sum of money having a present value of up to

Ten Million and 00/100 Dollars ($10,000,000.00);

B.    On the Second Cause of Action, in a sum of money having a present value of up to

Ten Million and 00/100 Dollars ($10,000,000.00);

C.    On the Third Cause of Action, in a sum of money having a present value of up to

One Million and 00/100 Dollars ($1,000,000.00);

D.    Together with the costs and disbursements of this action.

DATED: 9/30/14

Daniel R. Santola
POWERS & SANTOLA, LLP
Attorneys for Claimants
39 N. Pearl St., 6th Floor
Albany, New York 12207-2785
(518) 465-5995

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Laramie Torino and Andrew Torino,

        Claimants,

  -against-                            CERTIFICATE OF MERIT

United States of America,
Danielle Goertzen, M.D.,
North Country Obstetrics & Gynecology, P.L.L.C.,
Carrie J. Inglee, CNM,
Glens Falls Obstetrics & Gynecology Center, P.C., and
Glens Falls Hospital,

        Defendants.

---

STATE OF NEW YORK)
               )
COUNTY OF ALBANY  )

Daniel R. Santola an attorney duly licensed to practice law in the State of New York hereby affirms, pursuant to Section 2106 of the CPLR, the following:

    1.  I have reviewed the facts of this case and have consulted with at least one doctor whom I believe is knowledgeable in the relevant issues and I have concluded that there is a reasonable basis for this action.

    2.  That this certification is being made pursuant to Section 3012-a (a) (1) of the CPLR.

DATED: 9/30/14

                      Daniel R. Santola, Esq.

# EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Hudson Headwaters Health Network<br>9 Carey Road<br>Queensbury, New York 12804 | Laramie Torino, 5 Ferry Street, Schuylerville, NY 12871<br>Daniel R. Santola, Esq., Powers & Santola, LLP,<br>39 North Pearl Street, Albany, NY 12207 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>███1987 | 5. MARITAL STATUS<br>married | 6. DATE AND DAY OF ACCIDENT<br>03/30/2013  -03/31/2013 | 7. TIME (A.M. OR P.M.)<br>7:04 a.m. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On the 30th or 31st of March, 2013, Edward P. Denious, M.D. failed to provide good and accepted obstetrical care and treatment to the claimant, Laramie Torino during the labor and delivery of her child at Glens Falls Hospital.
As a result of Dr. Denious' failure, Claimant, Laramie Torino sustained serious and permanent physical injury including damage to her bladder and urinary tract as well as the nerves which provide bladder control and feeling, and has incurred a total loss of sensation to these organs and structures as well as physical pain and suffering.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not applicable.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant, Laramie Torino sustained serious and permanent physical injury including damage to her bladder and urinary tract as well as the nerves which provide bladder control and feeling, and has incurred a total loss of sensation to these organs and structures as well as physical pain and suffering,

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Edward Denious, M.D. | Hudson Headwaters Health Network, 9 Carey Road, Queensbury, NY 12801 | |
| North Country Obstetrics & Gynecology, PLLC | Hudson Headwaters Health Network, 9 Carey Road, Queensbury, NY 12801 | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 4,500,000,000 | 0.00 | 4,500,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Laramie Torino* | 518-926-8268 | 2/10/14 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No    | 17. If deductible, state amount.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

Not applicable.

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

| PRIVACY ACT NOTICE |
|---|

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority*:  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*:  The information requested is to be used in evaluating claims.
C. *Routine Use*:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond*:  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

| PAPERWORK REDUCTION ACT NOTICE |
|---|

This notice is *solely* for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Hudson Headwaters Health Network<br>9 Carey Road<br>Queensbury, New York 12804 | Andrew Torino, 5 Ferry Street, Schuylerville, NY 12871<br>Daniel R. Santola, Esq., Powers & Santola, LLP,<br>39 North Pearl Street, Albany, NY 12207 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>████ 1982 | 5. MARITAL STATUS<br>married | 6. DATE AND DAY OF ACCIDENT<br>03/30/2013      -03/31/2013 | 7. TIME (A.M. OR P.M.)<br>7:04 a.m. |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On the 30th or 31st of March, 2013, Edward P. Denious, M.D. failed to provide good and accepted obstetrical care and treatment to the claimant, Laramie Torino during the labor and delivery of our child at Glens Falls Hospital. As a result of Dr. Denious' failure, Claimant, Laramie Torino sustained serious and permanent physical injury including damage to her bladder and urinary tract as well as the nerves which provide bladder control and feeling, and has incurred a total loss of sensation to these organs and structures as well as physical pain and suffering.  Claimant, Laramie Torino is the wife of Andrew Torino.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not applicable.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant, Andrew Torino has derivatively sustained damages for loss of work, services, expenses and loss of consortium due to his wife's bladder and urinary tract injuries.

| 11. | | WITNESSES |
|---|---|---|
| **NAME** | | **ADDRESS (Number, Street, City, State, and Zip Code.)** |
| Edward Denious, M.D. | | Hudson Headwaters Health Network, 9 Carey Road, Queensbury, NY 12801 |
| North Country Obstetrics & Gynecology,PLLC | | Hudson Headwaters Health Network, 9 Carey Road, Queensbury, NY 12801 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| **12a. PROPERTY DAMAGE** | **12b. PERSONAL INJURY** | **12c. WRONGFUL DEATH** | **12d. TOTAL** (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 500,000.00 | 0.00 | 500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 518-695-3413 | 2/10/14 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

17. If deductible, state amount.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Not applicable.

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT 2

 DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division

Claims Office
330 C Street, SW
Switzer Building, Suite 2600
Washington, DC 20201

SEP 2 2 2014



**CERTIFIED–RETURN
RECEIPT REQUESTED**

Daniel R. Santola, Esquire
Powers & Santola, LLP
39 North Pearl Street
Albany, NY 12207-2785

Re:     Administrative Tort Claim of Laramie Torino - Claim No. 2014-0337

Dear Mr. Santola:

On April 9, 2014, on behalf of your client, Laramie Torino, you filed the above-referenced
administrative tort claim, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-
2680, alleging that, *inter alia*, on March 30-31, 2013, Dr. Edward P. Denious and the Hudson
Headwaters Health Network, located in Warrensburg, New York, failed to provide good and accepted
obstetrical care during labor and the delivery of her child, which resulted in Ms. Torino suffering a
serious and permanent injury to her bladder and urinary tract.

The Federal Tort Claims Act ("FTCA") authorizes the settlement of any claim of money damages
against the United States for, *inter alia*, damage caused by the negligent, wrongful act or omission
of any employee of the Federal government while acting within the scope of employment under
circumstances where the United States, if a private person, would be liable to the claimant in
accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 2672.

This letter constitutes the notice of final determination on your administrative tort claim, as required
by 28 U.S.C. § 2401(b), 2675(a).  The administrative tort claim is denied.  The evidence fails to
establish that the alleged injuries were caused by the negligent, or wrongful, act or omission of a
federal employee acting within the scope of employment.

If your client is dissatisfied with this determination, she is entitled to:

1.     file a written request with the agency for reconsideration of the final determination
       denying the claims within six (6) months from the date of mailing of this
       determination (28 C.F.R. § 14.9); or

Page 2 -Daniel R. Santola, Esquire

2.     file suit against the United States in the appropriate federal district court within six
       (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the agency will review the claim within six months
from the date the request is received.  If the reconsidered claim is denied, your client  may file suit
within six months from the date of mailing of the final determination.

Sincerely yours,

*William A. Biglow / KAH*

William A. Biglow
Acting Deputy Associate General Counsel
Claims and Employment Law Branch